

**United States Court of Appeals**

**For the Fifth Circuit**

No. 25-10442

DIAMOND KING,

    Plaintiff–Appellant,

v.

UNITED STATES POSTAL SERVICE,

    Defendant–Appellee.

On Appeal from the United States District Court

For the Northern District of Texas

Case No. 3:24-cv-00492-S-BT

(Hon. Karen Green Scholar and Hon. Karen Gren Scholer, Presiding)

**APPELLANT'S BRIEF**

Submitted by:

*Diamond King*

Diamond King

Pro Se Appellant

7721 Antionette St 204

Dallas, TX,75217

Diamondking0120@gmail.com

682.247.7360

i

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Circuit Rule 28.2.1, the undersigned certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

Appellant:

Diamond King (Pro Se)

Appellees:

United States Postal Service (USPS)

Louis DeJoy, Postmaster General

Maria Rosales

Angelia Vence

Attorneys for Appellees:

Brian W. Stoltz, Assistant U.S. Attorney

U.S. Attorney's Office, Northern District of Texas

Trial Court:

Hon. Karen Gren Scholer, U.S. District Judge

Hon. Rebecca Rutherford, U.S. Magistrate Judge

Case: 25-10442    Document: 50-1    Page: 3    Date Filed: 05/28/2025

*Diamond King*

Diamond King

Pro Se Appellant

7721 Antionette St 2094

Dallas, TX, 75217

Diamondking0120@gmail.com

682.247.7360

iii

# Index

Jurisdictional Statement ............................................................... 1

Statement of the Issues ............................................................... 1

Statement of the Case ............................................................... 1

Summary of the Argument ............................................................ 3

Standard of Review ................................................................. 3

Argument ......................................................................... 4

I. The District Court Erred in Dismissing the Case at the Pleading Stage ........ 4

II. Plaintiff Plausibly Pleaded Retaliation and IIED .................................... 5

III. Defendants' Gamesmanship Warrants Relief ...................................... 5

IV. Plaintiff's Procedural Due Process Rights Were Violated ........................ 6

Prayer for Relief ................................................................... 5

Certificate of Compliance ............................................................ 7

Certificate of Service ............................................................... 8

## Table of Authorities

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................... 3,4

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ............................................ 3,4

Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) ........................ 5

Griffin v. UPS, Inc., 661 F.3d 216 (5th Cir. 2011) ........................................ 5

Anderson v. Valdez, 845 F.3d 580 (5th Cir. 2016) ........................................ 6

Moore v. City of Baton Rouge, 253 F. Supp. 3d 887 (M.D. La. 2017) ................. 6

Sullivan v. Texas A&M Univ. Sys., 986 F.3d 593 (5th Cir. 2021) ...................... 2,5

Watkins v. Tex. Dep't of Criminal Justice, 269 F. App'x 457 (5th Cir. 2008) ..... 5

Lindsey v. Prive Corp., 161 F.3d 886 (5th Cir. 1998) ....................................... 5

Smith v. City of Jackson, 351 F.3d 183 (5th Cir. 2003) .................................... 6

Swierkiewicz v. Sorema N.A., 534 U.S.506 (02)………………………………. 4

## Statutes and Rules

Fed. R. Civ. P. 12(b)(6) ............................................................... 3,4

5 U.S.C. § 2302(b)(8) ................................................................ 2,4

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ................1,2

Whistle blower protection A, 5 U.S.C. § 2302(b)(8)…………..2

28 U.S.C. § 1331……………………………………………1

28 U.S.C. § 1291……………………………………………1

**A. Jurisdictional Statement**

The District Court had jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291. The District Court's final order dismissing the case was entered on February 25, 2025. Appellant filed a timely Notice of Appeal on March 24, 2025.

**B. Statement of the Issues**

1. Whether the District Court erred in dismissing King's pro se complaint at the pleading stage without permitting discovery.

2. Whether Plaintiff plausibly pleaded claims of retaliation under Title VII and IIED.

3. Whether Defendants' evasion of service and repeated delay tactics support sanctions and reversal.

4. Whether procedural and judicial errors deprived Plaintiff of due process.

**C. Statement of the Case**

Plaintiff-Appellant Diamond King, a former USPS employee, filed this action alleging unlawful retaliation, wrongful termination, and intentional infliction of

1

emotional distress (IIED) resulting from protected activity including reporting a hostile work environment. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e et seq., and the Whistle blower protection A, 5 U.S.C. § 2302(b)(8) for claims of retaliation and discriminatory employment practices. While King's initial filing did not invoke the Whistleblower Protection Act (WPA), the allegations are plausibly covered by its protections. The Fifth Circuit in Sullivan v. Texas A&M Univ. Sys., 986 F.3d 593 (5th Cir. 2021) recognized that whistleblower relief may be appropriate even if the WPA is not expressly cited in the original complaint.

King filed multiple EEOC complaints over several years, alleging escalating retaliation, workplace hostility, and ultimately constructive discharge in January 2022. USPS failed to issue litigation holds or preserve internal documents, which prejudiced Plaintiff's case. Supervisors failed to protect or retain evidence, a clear breach of procedural fairness and litigation integrity.

The District Court dismissed the complaint on February 25, 2025, for failure to state a claim relief can be granted and for failure to serve process. However, Plaintiff provided documentation that the defendants evaded service, making dismissal improper under the circumstances. The record includes postal tracking, witness statements, and evidence of evasive conduct by USPS personnel.

Crucially, the District Court failed to file the required ER-18 record on time, missing the May 19, 2025, deadline and filing it a day late on May 20, 2025. The appellate clerk did not docket it until May 27, 2025, prejudicing Appellant's ability to reference the record.

_____

**D. Summary of the Argument**

The District Court erred in dismissing King's complaint at the pleading stage without taking all well-pleaded facts as true. Retaliation and IIED were sufficiently alleged under the law. Defendants' continued delay tactics, evasion of service, failure to preserve evidence, and the Court's own errors warrant reversal. The denial of discovery prevented factual development, and multiple filings by King were not ruled upon timely, further compounding procedural unfairness.

_____

**E. Standard of Review**

The Fifth Circuit reviews dismissals under Rule 12(b)(6) de novo. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). All factual allegations must be taken as true and

construed in the light most favorable to the plaintiff. See Twombly, 550 U.S. at 555.

_____

**Argument**

**I. The District Court Erred in Dismissing the Case at the Pleading Stage**

King's complaint plausibly alleged retaliation and IIED. Stemming from her protected disclosures and whistleblowing activities. Under 5 U.S.C. § 2302 (b)(8), it is unlawful to take or fail to take a personnel action against an employee for disclosing violations of law, gross mismanagement, or abuse of authority. King alleged that she made such disclosures and subsequently faced hostile actions, forced resignation, and denial of promotions.

The District Court misapplied Rule 12(b)(6) by requiring too much factual specificity prematurely by requiring King to provide detailed factual proof at the pleading stage, rather than allowing the case to proceed to discovery. Under Swierkiewicz v. Sorema N.A., 534 U.S.506 (02) and Twombly/ Iqbal, a complaint must only state a plausible claim for relief, not prove every fact or element. Court must assume the plaintiff's allegations as true at this stage.

Here, the court failed to interpret the facts in the light most favorable to King and dismissed the case before any factual development or discovery, despite sufficient allegations to survive dismissal. The premature dismissal deprived King of her constitutional right to due process and directly undermined the policies behind whistleblower protections.

**II. Plaintiff Plausibly Pleaded Retaliation and IIED**

King alleged protected activity (reporting harassment), adverse actions (termination, demotion), and causation—all elements of a retaliation claim under Title VII. See Burlington Northern, 548 U.S. at 68. Griffin v. UPS, Inc., 661 F. 3d 216 (5th Cir. 2011) IIED was similarly plausible given the extreme conduct and psychological toll. See Watkins, 269 F. App'x at 459.

The Fifth Circuit has recognized that even if a complaint does not cite the WPA, factual allegations may still trigger its protections. See Sullivan, 986 F.3d at 601.

**III. Defendants' Gamesmanship Warrants Relief**

Defendants refused to engage in timely settlement proposal, ignored allegations and waited to respond until motions were due or filed. They evaded service, prolonged proceedings through strategic silence, and allowed internal documentation to be lost or destroyed. This pattern of gamesmanship was intended to exhaust Plaintiff and is sanctionable. See Lindsey v. Prive Corp., 161 F.3d 886

(5th Cir. 1998) (affirming sanctions where delays were used to prejudice an opponent); Smith v. City of Jackson, 351 F.3d 183, 195 (5th Cir. 2003) (recognizing relief for discovery misconduct).

King experienced prolonged harm due to USPS's refusal to issue litigation holds and preserve critical evidence. This prejudice supports relief. See Moore, 253 F. Supp. 3d at 892 (spoliation and delayed discovery warranted adverse inferences and relief).

## IV. Plaintiff's Procedural Due Process Rights Were Violated

Plaintiff filed timely post-judgment motions and supplemental records. However, the District Court failed to timely transmit the ER-18 record and the appellate docketing was delayed. These errors impaired Appellant's rights. See Anderson, 845 F.3d at 589 (holding courts must ensure pro se plaintiffs are not prejudiced by procedural missteps).

_____

**Prayer for Relif**

Appellant respectfully requests that this Court:

1. Reverse the District Court's dismissal.

2. Remand the case for discovery and further proceedings.

3. Grant sanctions against Defendant for discovery misconduct and evasion of service, and possible spoliation of evidence.

4. Award costs, and any other just relief deemed appropriate.

*Diamond King*

Diamond King

Pro Se Appellant

7721 Antionette St 2094

Dallas, TX, 75217

Diamondking0120@gmail.com

682.247.7360

## Certificate of Compliance

This document complies with Fed. R. App. P. 32(a)(7)(B) and contains approximately 1,629 words, excluding the parts exempted by Rule 32(f). This document also complies with the typeface and style requirements of Fed. R. App. P. 32(a)(5) (6).

*Diamond King*

Diamond King

Pro Se Appellant

7721 Antionette St 2094

Dallas, TX, 75217

Diamondking0120@gmail.com

682.247.7360

## Certificate of Service

I hereby certify that on May 28, 2025, a true and correct copy of the foregoing Brief was served via CM/ECF to all parties of record.

Respectfully submitted,

*Diamond King*

Diamond King

Pro Se Appellant

7721 Antionette St 2094

Dallas, TX, 75217

Diamondking0120@gmail.com

682.247.7360