# 25-10442

———————————————————————

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————————————

**Diamond King**,

    Plaintiff-Appellant

v.

**United States Postal Service Agency; Angelia Vence-Grisby, Supervisor; Maria Rosales, Postmaster; Doug Tulino, Acting Postmaster General**,

    Defendants-Appellees

———————————————————————

On Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
District Court No. 3:24-CV-492-S-BT

———————————————————————

**BRIEF FOR APPELLEES**

———————————————————————

        Nancy E. Larson
        Acting United States Attorney

        Brian W. Stoltz
        Assistant United States Attorney
        Texas State Bar No. 24060668
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone:  214-659-8626
        Facsimile:  214-659-8807
        brian.stoltz@usdoj.gov

# **<u>STATEMENT REGARDING ORAL ARGUMENT</u>**

This appeal was brought by a *pro se* plaintiff to challenge the district court's dismissal of employment-related claims filed against a federal agency. Because the plaintiff did not object to the magistrate judge's recommendation to dismiss the case (which the district court then accepted), this Court's review is, at most, for plain error, and it is respectfully submitted that oral argument is not necessary.

# **TABLE OF CONTENTS**

Statement Regarding Oral Argument ................................................................. i

Table of Authorities ............................................................................................ iii

Statement of Jurisdiction ..................................................................................... 1

Statement of the Issue ......................................................................................... 1

Statement of the Case .......................................................................................... 2

    1. King files suit raising claims relating to her employment with the Postal Service. ................................................................................. 2

    2. The defendants move to dismiss and the magistrate judge recommends dismissal. ................................................................. 3

    3. After King does not object to the magistrate judge's recommendation, the district court dismisses the case ......................... 6

Standard of Review ............................................................................................. 6

Summary of the Argument ................................................................................. 7

Argument and Authorities .................................................................................. 8

Conclusion ......................................................................................................... 11

Certificate of Service ......................................................................................... 13

Certificate of Compliance .................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**

*Alexander v. Verizon Wireless Servs., L.L.C.*,
   875 F.3d 243 (5th Cir. 2017) ................................................................. 7

*Black v. Kyzar*,
   689 F. App'x 822 (5th Cir. 2017) ........................................................... 9

*Crane v. City of Arlington*,
   50 F.4th 453 (5th Cir. 2022) ............................................................. 6–7

*Douglass v. United Servs. Auto. Ass'n*,
   79 F.3d 1415 (5th Cir. 1996) (en banc) ............................................ 6, 7

*Guerra v. Castillo*,
   82 F.4th 278 (5th Cir. 2023) ................................................................. 6

*Pfau v. Reed*,
   125 F.3d 927 (5th Cir. 1993) ................................................................. 5

*Pfau v. Reed*,
   501 U.S. 801 (1998) ............................................................................... 5

*Pfau v. Reed*,
   125 F.3d 927 (5th Cir. 1993) ................................................................. 5

*Wallace v. Mississippi*,
   43 F.4th 482 (5th Cir. 2022) ................................................................. 7

*Yohey v. Collins*,
   985 F.2d 222 (5th Cir. 1993) ................................................................. 9

**STATUTES and RULES**

28 U.S.C. § 1291 ......................................................................................... 1

39 U.S.C. § 201 ........................................................................................... 2

Fed. R. App. P. 43(c) .................................................................................. 3

## STATEMENT OF JURISDICTION

Apparently relying on Title VII and/or federal question jurisdiction, plaintiff-appellant Diamond King filed suit in the district court on claims arising from her employment with the United States Postal Service. (ROA.12, 105, 148.) The district court determined that jurisdiction was partially lacking (to the extent King was attempting to assert tort claims against federal defendants with immunity as to such claims), and that the suit was otherwise subject to dismissal on various other grounds (as partially preempted; for failure to state a claim; and because service was never properly effected). (ROA.201–15, 216.) The district court entered final judgment on February 25, 2025, (ROA.217), and King timely filed a notice of appeal on March 24, 2025, (ROA.6, 218, 296). This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

King filed suit against various government defendants raising claims arising out of her employment with the Postal Service. The magistrate judge recommended dismissal because jurisdiction was lacking in part and because King otherwise failed to state a claim and had not perfected service. After King failed to object to the magistrate judge's recommendation, the district court accepted it and dismissed the case. Has King shown that the district court committed plain error?

## STATEMENT OF THE CASE

**1. King files suit raising claims relating to her employment with the Postal Service.**

King was previously employed by the Postal Service as a rural mail carrier in Rowlett, Texas. (*See* ROA.129.) She filed suit in the district court against the Postal Service, the local postmaster, and a local supervisor,[1] alleging that she had been improperly taken off the work schedule, paid less than a male colleague, harassed and subjected to a hostile work environment, and otherwise discriminated or retaliated against in connection with her employment. (ROA.12–16.) She purported to make claims for retaliation, breach of contract, hostile work environment, wrongful termination, and unequal pay. (ROA.13–15.)

King personally mailed certain case documents to her two supervisors and to a Postal Service facility in Plano, Texas, and then moved for a default judgment. (ROA.30, 34, 40–41, 50). The clerk's office, however, declined to enter a default, and explained that "service does not appear to comply with the element[s] of FRCP 4." (ROA.3.) The U.S. Attorney's Office also became

---

[1] The defendants as identified by King in the original complaint were "United States Postal Service Agency," Maria Rosales (the local postmaster), and Angelia Vence-Grisby (the local supervisor). (ROA.12.) The Postal Service's official name is "United States Postal Service," and it is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201.

aware of King's attempt to obtain a default,[2] and filed a notice explaining that service had not been effected on the U.S. Attorney as required by Rule 4(*i*) in cases in which the federal government or its agencies, officials, or employees are defendants. (ROA.58–60.) The magistrate judge also thereafter entered an order directing King to effect service on the defendants, and specifically pointed King to the relevant provisions of Rule 4(*i*) relating to service on government defendants and also highlighted that "King may not serve the Defendants herself" (consistent with Rule 4(c)(2)'s requirement that service must be performed by a person who is "not a party"). (ROA.61–62.)

**2.    The defendants move to dismiss and the magistrate judge recommends dismissal.**

After several months of little apparent activity in the case, the defendants filed a motion to dismiss. (ROA.69.) This motion explained that service had not properly been effected and that, in any event, King's claims were subject to dismissal for several other reasons. (ROA.72–76.) King responded by filing an amended complaint that added the Postmaster General as a defendant[3] but

---

[2] King had apparently emailed a copy of her default motion to the local postmaster and local supervisor, and this email was then forwarded to the U.S. Attorney's Office. (ROA.60.)

[3] Louis DeJoy was the Postmaster General at the time. Subsequently, Doug Tulino became the Acting Postmaster General (and his name appears in the current version of the caption). David Steiner has since become Postmaster General as of July 15, 2025 and thus can be considered "automatically substituted" in place of Tulino. *See* Fed. R. App. P. 43(c).

3

otherwise made similar allegations about her employment at the Postal Service, with claims for retaliation, breach of contract, hostile work environment, wrongful termination, and intentional infliction of emotional distress.  (ROA.105–10.)

The defendants again moved to dismiss.  (ROA.111.)  Their motion explained that:  (1) jurisdiction was lacking to the extent King was seeking to proceed on a tort claim (because the Federal Tort Claims Act's remedy against the United States is the exclusive remedy for any such claims) and, in any event, King's allegations all related to her employment such that any tort claim, even against the United States, would be preempted by Title VII in the employment context; (2) King had not effected service on any of the defendants; and (3) no claim was stated against the Postal Service employees King was attempting to sue because they were not proper defendants.  (ROA.120–26.)

King responded to the motion and sought leave to amend her complaint yet again, this time to add the United States as a defendant but otherwise without changing the nature of her claims.  (ROA.145; *see also* ROA.148–53 (proposed amended complaint for which leave was granted).)  The magistrate judge granted leave to amend but stated that the defendants' pending motion to dismiss would simply be construed as having been filed in response to the

newest amended complaint, with no need for further motion practice. (ROA.181–83.)

The magistrate judge thereafter issued a 15-page findings, conclusions, and recommendation (FCR) on the motion to dismiss. (ROA.201.) The FCR recommended that the district court grant the motion based on the various grounds that the defendants had identified, including a lack of jurisdiction, preemption, failure to state a claim, and failure to effect service. (ROA.207–13.)

With respect to King's tort claim, the FCR explained that only the United States could jurisdictionally be a proper defendant for such a claim and that, in any event, "King's tort claim and her Title VII claims rely on the same facts," such that any tort claim against the United States was preempted. (ROA.209 (citing *Pfau v. Reed*, 125 F.3d 927, 932 (5th Cir. 1993), *vacated on other grounds*, 525 U.S. 801 (1998), *reinstated in relevant part*, 167 F.3d 228, 229 (5th Cir. 1999)).)

With respect to the remainder of King's claims, the FCR explained that King's supervisors were not proper defendants and that, regardless, none of the defendants had been properly served. (ROA.210–13.) On this latter point, the FCR specifically noted that "the Court has given King multiple chances to properly serve Defendants, guiding her with detailed instructions to follow, as

5

have the Defendants in their motion to dismiss and other filings over the past few months." (ROA.212 (citing ROA.61, 80, 111, 157) (citations omitted from quotation).) Finding that "King has been given multiple opportunities to serve Defendants and has not demonstrated good cause for her failure," the FCR determined that dismissal under Rule 12(b)(5) was warranted. (ROA.212–13.)

The FCR specifically advised that "[a]ny party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy," and that the failure to do so would "bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error." (ROA.215 (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc)).)

3. **After King does not object to the magistrate judge's recommendation, the district court dismisses the case.**

King did not file any objections to the FCR. (*See* ROA.6, 216.) The district court reviewed the FCR for plain error and, finding none, accepted the FCR. (ROA.216.) The district court entered a final judgment of dismissal, (ROA.217), and this appeal followed.

## STANDARD OF REVIEW

This Court typically reviews a district court's ruling on a Rule 12 motion *de novo*. *See Guerra v. Castillo*, 82 F.4th 278, 284 (5th Cir. 2023); *Crane v. City of*

*Arlington*, 50 F.4th 453, 461 (5th Cir. 2022). However, when, as occurred here, the party against whom judgment was rendered was warned about the need to object to the magistrate judge's recommendation but failed to do so and the district court only reviewed for plain error, review in this Court is likewise for plain error only. *Wallace v. Mississippi*, 43 F.4th 482, 494–95 (5th Cir. 2022) (citing *Douglass*, 79 F.3d at 1428, and *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017)).

## SUMMARY OF THE ARGUMENT

King fails to show any error, much less plain error, in the district court's decision. The district court dismissed the case based on findings that King's tort claim was subject to dismissal for lack of jurisdiction and because it was preempted; that other claims failed because improper defendants had been named; and, with respect to all defendants and all claims, that service of process had never been effected despite King's having been afforded multiple opportunities to do so. King, however, fails to challenge any of these determinations on appeal, just as she failed to object to the magistrate judge's FCR below. She has therefore waived or forfeited any challenge to the district court's judgment here, and she also fails to show any plain error. The dismissal of King's lawsuit was, in any event, legally correct, for all the reasons explained in the FCR. The district court's judgment should be affirmed.

## ARGUMENT AND AUTHORITIES

King fails to identify any error, plain or otherwise, in the district court's dismissal of her lawsuit. She principally argues that the district court erred in dismissing the case "at the pleading stage" because, in her view, her factual allegations were sufficient under the *Twombly/Iqbal* standard. (Br. at 3, 4.) Specifically, she contends that the district court allegedly erred by "requiring too much factual specificity prematurely by requiring King to provide detailed factual proof at the pleading stage," and she argues that her allegations of retaliation and intentional infliction of emotional distress were plausible, including because of the alleged "extreme conduct and psychological toll." (Br. at 4, 5.)

However, the district court did not dismiss the case based on pleading deficiencies relating to the sufficiency of the complaint's factual allegations under a *Twombly/Iqbal* analysis. (*See* ROA.207–13, 206.) Instead, the district court's findings (as set out in the FCR that was then accepted by the district court) were that one of King's claims was subject to dismissal for lack of jurisdiction and was preempted; that other claims failed to state a claim because improper defendants had been named; and, with respect to all defendants and all claims, that service of process was never effected and that King failed to show good cause for this failure. (ROA.207–13.)

King fails to grapple with any of these grounds that the district court actually invoked to dismiss the case. (*See* Br. at 3–6.) Accordingly, she fails to identify any plain error in the district court's dismissal.

And in addition to failing to show any plain error, King's failure to grapple with the district court's actual determinations means she has also waived or forfeited any challenge to these determinations. *See Yohey v. Collins*, 985 F.2d 222, 225–26 (5th Cir. 1993); *see also Black v. Kyzar*, 689 F. App'x 822, 823 (5th Cir. 2017) ("By failing to challenge in his opening brief the district court's determination that his § 1983 complaint was untimely, Black has waived the issue.").

Moreover, even the arguments King chooses to make are baseless. King's *Twombly/Iqbal* arguments are, as discussed above, wholly inapplicable. And her only remaining arguments are cursory claims that "gamesmanship" occurred when the defendants allegedly "refused to engage in timely settlement proposal," "ignored allegations," "waited to respond until motions were due or filed," "evaded service," "prolonged proceedings through strategic silence," and "allowed internal documentation to be lost or destroyed," as well as a claim that the district court "failed to timely transmit the ER-18 record and the appellate docketing was delayed." (Br. at 5, 6.) In addition to being divorced from any of the grounds the district court actually relied on for dismissal, these

9

arguments are unsupported by any record citation or germane legal authority.

Indeed, it is unclear what precisely King is complaining of with these arguments. But regardless, the record belies any suggestion of impropriety by the defendants or the district court and shows no plain error or other grounds for reversal. For example, notwithstanding King's unspecified contentions of alleged delays in the litigation or evasion of service, the record shows that the defendants proactively responded to King's lawsuit even though they were under no obligation to do so because service had not yet been effected. (*See* ROA.69, 111.) Additionally, over two-and-a-half months before the defendants filed their initial motion to dismiss, the U.S. Attorney's Office filed a notice in the case that alerted King that service of process on the U.S. Attorney had not been effected and specifically identified for King the relevant provisions of Rule 4(*i*) for effecting service.[4] (ROA.58–60.) The magistrate judge similarly provided a notice to King about this issue that likewise advised her of the specific procedure that needed to be followed for properly serving government defendants. (ROA.61–63.) King was given every opportunity, and then some, to properly effect service, but never did so. (*See* ROA.123

---

[4] Given that Rule 4(*i*) provides that service on the U.S. Attorney can be accomplished by mail or by hand delivery (and the U.S. Attorney's Office routinely accepts such deliveries at its office in the federal courthouse, where in addition to the U.S. Attorney, any Assistant U.S. Attorney or other designated employees can accept service), it is unclear how King can assert that there was some "evasion of service."

10

(cataloging the multiple ways in which King was notified of the need and proper method to effect service); ROA.239 ("The Court has given King multiple chances to properly serve Defendants, guiding her with detailed instructions to follow, *see* ECF Nos. 14 and 19, as have the Defendants in their motion to dismiss (ECF No. 27), reply (ECF No. 32), and other filings over the past few months. The Court finds that King has been given multiple opportunities to serve Defendants and has not demonstrated good cause for her failure.").) Similarly, to the extent King argues about alleged delays in connection with settlement talks (or the lack thereof), the docketing of this appeal, or other aspects of the litigation, she cites nothing in the record to actually substantiate these claims, and she also fails to show that, even if substantiated, they would legally entitle her to any relief on appeal.

## CONCLUSION

The district court's judgment should be affirmed.

Respectfully submitted,

Nancy E. Larson
Acting United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:  214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Appellees

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2025, this document was served on appellant by transmission through the Court's electronic filing system, and

I further certify that (1) any required privacy redactions have been made; (2) the electronic submission is an exact copy of any paper document; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,491 words.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
