IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**DIAMOND KING,**
**Plaintiff–Appellant,**                              **Appeals No. No. 25-10442**

v.

**UNITED STATES POSTAL SERVICE, et al.,**
 **Defendants–Appellees.**

APPELLANT'S REPLY BRIEF

## TABLE OF CONTENTS

**Table of Authorities** ...................................................... ii

**Jurisdictional Statement** ............................................... 1

**Statement of Issues for Reply** ....................................... 1

**Summary of the Argument** ........................................... 3

**Argument** ..................................................................... 5

**I. Appellant Properly Exhausted Remedies (2018–2021)** ........ 5

**II. Service of Process Was Lawful and Executed by a Non-Party** .... 5

**III. Appellant Sought Extensions and Alternate Service; Denial Was Error** .... 5

**IV. Failure to State a Claim Is Not Grounds for Dismissal at Pleading Stage** .... 6

**V. Title VII Does Not Preempt Tort Claims** ........................... 8

**VI. Excusable Neglect and Good Cause: Death of Appellant's Brother** .... 9

**VII. Appellees' Reliance on Procedure Over Substance** ............... 9

**VIII. Substantive Rights Override Procedural Technicalities** .......... 10

**Conclusion** ................................................................. 11

**Certificate of Compliance** ............................................... 12

**Certificate of Service** .................................................... 13

**Addendum (Exhibit A – Death Certificate)** ............................ 14

## TABLE OF AUTHORITIES

**Cases**

**Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)** ......................................... **4,6,7,14**

**Johnson v. City of Shelby, 574 U.S. 10 (2014)** ............................................... **4,7,14**

**Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993)** ....... **4,9,15**

**Brown v. Gen. Servs. Admin., 425 U.S. 820 (1976)** .............................................. **8**

**Hunter v. United States, 859 F.2d 1139 (2d Cir. 1988)** ........................................... **4,8,14**

**Haines v. Kerner, 404 U.S. 519 (1972)** ................................................................ **10**

**Foman v. Davis, 371 U.S. 178 (1962)** ................................................................ **15**

**Conley v. Gibson, 355 U.S. 41 (1957)** ................................................................ **15**

**Erickson v. Pardus, 551 U.S. 89 (2007)** ............................................................. **15**

**Estelle v. Gamble, 429 U.S. 97 (1976)** ............................................................... **15**

**Brock v. United States, 64 F.3d 1421 (9th Cir. 1995)** ........................................... **4,8,15**

**White v. General Servs. Admin., 652 F.2d 913 (9th Cir. 1981)** .............................. **4,8,15**

**Thompson v. Brown, 91 F.3d 20 (5th Cir. 1996)** .................................................. **6,16**

**Lindsey v. United States R.R. Ret. Bd., 101 F.3d 444 (5th Cir. 1996)** .................... **6,16**

**Statutes and Rules**

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.**

**Federal Rules of Civil Procedure 4(c)(2), 4(m), 15**

**Federal Rules of Appellate Procedure 28, 32**

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. § 1331 and § 1343, as the action arises under Title VII of the Civil Rights Act of 1964 and related federal statutes. This Court has jurisdiction pursuant to 28 U.S.C. § 1291, as Appellant timely filed a notice of appeal from a final judgment dismissing her action. This appeal is taken from the district court's order adopting the magistrate judge's recommendation and dismissing the action with prejudice (see ROA 40,41,42)

## STATEMENT OF ISSUES FOR REPLY

1. Whether Appellant exhausted administrative remedies (2018–2021) prior to filing suit.

2. Whether Appellant lawfully executed service of process through a qualified non-party under Rule 4(c)(2), despite Appellees' evasive conduct.

3. Whether the district court erred in denying extensions and alternate service requests.

4. Whether dismissal for "failure to state a claim" was premature at the pleading stage.

5. Whether Title VII preempts state-law tort claims against USPS and its agents.

6. Whether the death of Appellant's brother constitutes excusable neglect and good cause for any missed deadlines.

7. Whether Appellees' reliance on procedural arguments, rather than substance, requires reversal.

8. Whether substantive rights override procedural technicalities, particularly for pro se litigants.

## SUMMARY OF THE ARGUMENT

Appellees' response relies entirely on procedural technicalities and ignores the substantive merits of Appellant's claims. Appellant properly exhausted administrative remedies between 2018 and 2021 before filing suit. Service of process was executed by a qualified non-party, consistent with Rule 4(c)(2), but Appellees evaded service and withheld accurate addresses until deadlines had lapsed. Appellant sought extensions and alternate service, which were improperly denied.

Dismissal for "failure to state a claim" at the pleading stage was contrary to Supreme Court precedent: **_Swierkiewicz v. Sorema_**[1] and **_Johnson v. City of Shelby_**[2] confirm that heightened pleading is not required, and that dismissal is not appropriate where a claim is adequately alleged.

Appellant's tort claims are not preempted by Title VII. Courts, including **_Hunter v. United States_**[3] and **_Brock v. United States_**[4], have recognized that federal employees may bring parallel tort actions where distinct harms are alleged.

Finally, Appellant demonstrated good cause and excusable neglect for any procedural delays, as she was grieving the death of her brother at a critical stage. Under Pioneer[5], this constitutes excusable neglect.

Appellees have failed to substantively engage with the claims, continuing a pattern of relying on procedure over substance both in district court and on appeal. This constitutes plain error and requires reversal.

---

[1] Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).
[2] Johnson v. City of Shelby, 574 U.S. 10, 11–12 (2014) (per curiam).
[3] Hunter v. United States, 859 F.2d 1139, 1147 (2d Cir. 1988).
[4] Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995); White v. General Servs. Admin., 652 F.2d 913, 917 (9th Cir. 1981).
[5] Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

# ARGUMENT

## I. Appellant Properly Exhausted Remedies (2018–2021)

Appellant filed multiple EEOC charges and pursued internal remedies from 2018 through 2021, culminating in exhaustion before filing in district court. The record shows compliance with Title VII's exhaustion requirement. (See ROA.1 ,20,26,30.)[6]

## II. Service of Process Was Lawful and Executed by a Non-Party

Federal Rule of Civil Procedure 4(c)(2) permits service by "any person who is at least 18 years old and not a party." [7]Appellant engaged a qualified individual who effected service. Appellees' suggestion that service was defective ignores the executed affidavits on record. (See ROA.15,23,31,36,37– Proofs of Service).

## III. Appellant Sought Extensions and Alternate Service; Denial Was Error

---

[6] EEOC filings, 4G-752-0334-18 (9/7/18), 4G-752-0265-19 (7/31/2019), 4G-752-0082-20 (1/13/2020), 4G-752-0290-21 (8/1/2021).

[7] Fed. R. Civ. P. 4 (C )(2): see also Direct Mail Specialists, Inc. v. Eclat Computerized Techs., 840 F. 2nd 685,688 (9th Cir. 1988) (service by non- party valid if executed properly).

Appellant moved for additional time to serve and for alternate methods after Appellees evaded service. Denying these requests prejudiced Appellant despite clear diligence. Courts have held that Rule 4(m)[8] requires liberal construction where a plaintiff shows good cause. (See ROA.15,31) – Motions for Extension & Alternate Service). [9] Likewise in Newby v. Enron Corp., the Court reaffirmed that even absent good cause, district courts retain discretion to grant additional time. [10] Here, Appellant repeatedly sought extensions and alternative service due to Appellees' evasive conduct, yet the district court denied relief and dismissed prematurely.

**IV. Failure to State a Claim Is Not Grounds for Dismissal at Pleading Stage**

In *Swierkiewicz v. Sorema N.A.*, the Supreme Court reversed dismissal of a Title VII claim, holding that the Federal Rules do not impose heightened pleading

---

[8] Fed. R.Civ. P. 4(m); Mohamed v. Arizona Dept. of Corr., 829 F.3d 963, 971 (9th Cir. 2016) (courts grant extensions when plaintiff shows good cause).

[9] Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996); Lindsey v. United States R.R. Ret. Bd., 101 F.3d 444, 447 (5th Cir. 1996).

[10] Nebwby v. Enron Corp., 284 F. App'x 146, 149 (5th Cir. 2008).

requirements in employment discrimination cases.[11] Likewise, in **_Johnson v. City of Shelby_**, the Court held that dismissal was improper where plaintiffs had alleged facts establishing a claim, even if they failed to cite the precise legal theory.[12]

Here, Appellant's amended complaints alleged sufficient facts to put Appellees on notice. Dismissal was premature. (See ROA.20,26,30,31,39) – Amended Complaints; ROA.16,18,27,32 – Motion to Dismiss). The districts court's Order Adopting dismissal with prejudice (ROA 41,42). The district court erred in adopting the magistrate judge's recommendation and dismissing the case with prejudice. Dismissal for "Failure to state a claim" was premature because Appellant's amended complaints provided factual allegations sufficient to place Appellees on notice. The district court erred in adopting the magistrate judge's recommendation and dismissing the case with prejudice. Dismissal for "Failure to state a claim" was premature because Appellant's amended complaints provided factual allegations sufficient to place Appellees on notice. The federal Rules require only a short and plain statement of the claim. The district court's order

---

[11] Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).
[12] Johnson v. City of Shelby, 574 U.S. 10, 11–12 (2014) (per curiam).

improperly imposed heightened standard at the pleading stage, contrary to controlling precedent

## V. Title VII Does Not Preempt Tort Claims

Appellees argue preemption, but this is not supported by law. While **_Brown v. GSA_** limited some parallel actions, courts have recognized that tort claims survive where distinct injuries are alleged. In **_Hunter v. United States_**, the Second Circuit allowed a federal employee to pursue tort claims alongside discrimination claims. ³ Similarly, in **_Brock v. United States and White v. GSA_**, federal courts held that Title VII does not necessarily foreclose tort remedies where intentional misconduct is alleged. ⁸

Appellant's tort claims involve harassment and intentional misconduct, separate from Title VII remedies, and should proceed. (See ROA.20,26,30,39) – Tort claim allegations).

## VI. Excusable Neglect and Good Cause: Death of Appellant's Brother

Appellant's failure to timely object the magistrate's recommendation was due to the sudden death of her brother. The Supreme Court in **_Pioneer Inv. Servs_**. held that excusable neglect includes "circumstances beyond the movant's control," such as death in the family. [4] This Court has similarly recognized that serious personal tragedy constitutes good cause.

The death certificate (Exhibit A) is submitted under seal in support of this showing.

## VII. Appellees' Reliance on Procedure Over Substance

The Appellees' repeated reliance on procedural technicalities, rather than addressing the substantive merits of Plaintiff's claims, underscores the injustice of dismissal. In the District Court, Appellees filed motions to dismiss based on alleged deficiencies in service and pleading formalities, rather than confronting the factual allegations of discrimination and retaliation. (See Defendants' Motion to Dismiss, ROA.27,34,). Even on appeal, the Appellees' Response Brief continues

9

this pattern by focusing almost exclusively on procedural arguments while failing to substantively address Plaintiff's EEOC filings, protected activity, and the retaliatory acts that led to constructive termination. (See Appellees' Response Brief, ROA.70). This Court has long recognized that where procedural rules conflict with substantive rights, substance must prevail. [6]

## VIII. Substantive Rights Override Procedural Technicalities

The Supreme Court has long emphasized that pro se filings are to be "liberally construed and are not to be dismissed for technical missteps." Haines v. Kerner, 404 U.S. 519, 520 (1972). Appellees rely exclusively on procedural technicalities yet provide no substantive rebuttal to Appellant's claims. Where procedural rules conflict with substantive rights, courts must prioritize substance. [5] This is particularly true for pro se litigants, whose filings must be read with leniency and whose substantive claims should not be denied based on technical missteps.[7]

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that this Court reverse the district court's dismissal and remand for further proceedings on the merits.

Appellees have failed to substantively respond to Appellant's claims, relying solely on procedure. Substantive law, including Title VII and established tort principles, requires that Appellant's claims be heard.

Respectfully submitted,
*Diamond King*
Diamond King Appellant, Pro Se
7721 Antionette St 2094
Dallas, TX,75217
Telephone:682.247.7360
Diamondking0120@gmail.com

12

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B). It contains approximately 2,144 words, excluding the parts exempted by Rule 32(f). This brief complies with the typeface and style requirements of Rules 32(a)(5) and 32(a)(6).

Respectfully submitted,
*Diamond King*
Diamond King Appellant, Pro Se
7721 Antionette St 2094
Dallas, TX,75217
Telephone:682.247.7360
Diamondking0120@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing Reply Brief to be served on counsel of record for Appellees by [ECF/electronic filing system] in accordance with the Federal Rules of Appellate Procedure.

Date: _09/08/2025_

Respectfully submitted,
*Diamond King*
Diamond King Appellant, Pro Se
7721 Antionette St 2094
Dallas, TX,75217
Telephone:682.247.7360
Diamondking0120@gmail.com

## ADDENDUM

Exhibit A – Death Certificate of Appellant's Brother (Submitted under seal to establish excusable neglect and good cause.)

(All other referenced materials are part of the Record on Appeal (ROA) and previously filed in the district court.)

Footnotes

1. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

2. Johnson v. City of Shelby, 574 U.S. 10, 11–12 (2014) (per curiam).

3. Hunter v. United States, 859 F.2d 1139, 1147 (2d Cir. 1988).

4. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

5. Foman v. Davis, 371 U.S. 178, 181–82 (1962).

6. Conley v. Gibson, 355 U.S. 41, 48 (1957).

7. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

8. Brock v. United States, 64 F.3d 1421, 1423 (9th Cir. 1995); White v. General Servs. Admin., 652 F.2d 913, 917 (9th Cir. 1981).

9. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996); Lindsey v. United States R.R. Ret. Bd., 101 F.3d 444, 447 (5th Cir. 1996).

10. Newby v. Enron Corp., 284 F. App'x 146,149 (5th Cir. 2008).